UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **ENTERGY ARKANSAS, INC.,** | ) |
| **Plaintiff,** | ) |
| | ) No. 1:13CV166 SNLJ |
| v. | ) |
| **ROBERT S. KENNEY, et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

This matter is before the court *sua sponte* to review the issue of the proper divisional venue. For the following reasons, the court will transfer this case to the Eastern Division of the Eastern District of Missouri.

Local Rule 2.07(b)(2) of the United States District Court for the Eastern District of Missouri states as follows:

> All actions brought against multiple defendants all of whom reside in the same division must be brought in that division, or in the division where the claim for relief arose. If at least two of the defendants reside in different divisions, such action shall be filed in any division in which one or more of the defendants reside, or where the claim for relief arose.

Here, the Complaint states that Defendant Robert S. Kenney resides in the City of St. Louis, Missouri; Defendant Stephen M. Stoll resides in Jefferson County, Missouri; Defendant William P. Kenney resides in Lee's Summit, Missouri; and Defendant Daniel Y. Hall resides in Columbia, Missouri. (Doc. No. 1, ¶ 21). Defendants Kenney and Stoll, therefore, reside in the Eastern Division of the Eastern District of Missouri, and Defendants Kenney and Hall reside outside this district. None of the defendants reside in the Southeastern Division of this district. Thus, the defendants' residence does not establish venue in this division.

Venue may also be proper under Local Rule 2.07(b) if the "claim for relief arose" in this division. The only potential basis for a finding that this claim arose in the Southeastern Division is contained in Paragraph 39 of the Complaint, which provides as follows:

>The Entergy Operating Companies own and operate generation, transmission, and distribution facilities located primarily in four states: Arkansas, Louisiana, Mississippi, and Texas. The transmission assets include 15,400 miles of transmission lines with voltages ranging between 69 kV and 500 kV, nearly all of which is located in the four states just mentioned. *Of the 15,400 miles, a mere 87 miles, or approximately one-half of one percent, are located in a fifth state: Missouri. The 87 miles of lines are located in Oregon and Taney Counties and the "Boot Heel" section of Missouri.* Entergy Arkansas also owns four substations in Missouri that interconnect these 87 miles of lines with other utilities in Missouri.

The Complaint's sole allegation related to the Southeastern Division, a vague reference to the "'Boot Heel' section of Missouri," is not sufficient to establish that this claim arose in this division. Notably, plaintiff states that only "one-half of one percent" of its transmission assets are located in Missouri, and of those assets, some are located in counties outside this district.

Plaintiff's Complaint challenges actions of the Missouri Public Service Commission ("MPSC"). Plaintiff seeks a permanent injunction prohibiting Commissioners of the MPSC from taking any action to enforce an MPSC order. The named defendants are all Commissioners of the MPSC, and, as previously discussed, two of the four defendants reside in the Eastern Division. Thus, the court finds that this case should have been originally filed in the Eastern Division, and the court will order a divisional transfer.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall reassign this case to the Eastern Division.

Dated this 14th day of November, 2013.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE